UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAITLYN BROWER
DRESSMAN, D.O.,

      Plaintiff,

v.

McLAREN HEALTHCARE
CORPORATION, *et al.*,

      Defendants.
_____/

Case No. 2:23-cv-12985
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS FOR FAILURE TO EFFECT TIMELY SERVICE AND FOR FAILURE TO SHOW CAUSE

**I.     RECOMMENDATION**: The Court should dismiss Plaintiff's claims against all Defendants without prejudice for failure to comply with Fed. R. Civ. P. 4 and for failure to show cause.

**II.    REPORT:**

    **A.     Background**

On November 27, 2023, Plaintiff Kaitlyn Brower Dressman, proceeding without the assistance of counsel, filed this lawsuit alleging violations of the Americans with Disabilities Act (42 U.S.C §§ 12101, *et seq*.), the Civil Rights Act of 1964 (42 U.S.C. §§ 2000a, *et seq*.), the Civil Rights Act of 1991 (2 U.S.C. §§

1201, et seq.), and the Higher Education Act (20 U.S.C. §§ 1001, *et seq*.) against three Defendants: (1) McLaren Healthcare Corporation; (2) McLaren Macomb Hospital; and, (3) Michigan State University. (*Id*., PageID.2-4.) Plaintiff's statement of claim spans the period from April 15, 2021 to her August 24, 2023 notice of right to sue. (ECF No. 1, PageID.5; *see also* ECF No. 1-1.) Her form complaint consisted of six substantive pages. (ECF No. 1.)

B.     **Service of Process**

The Court received Plaintiff's filing fee on December 11, 2023. Two days later, on December 13, 2023, the Clerk of the Court issued summonses – for each of the three Defendants named in the original complaint – and provided them to Plaintiff. (ECF Nos. 5, 6.)

To date, there is nothing filed on the docket to indicate that **any** of the original Defendants have been served. Thus, it appears Plaintiff has failed to perfect service over any of the originally named Defendants in accordance with Federal Rule of Civil Procedure 4(m), which provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). <u>Ninety (90) days from the initiation of this case was February 25, 2024</u>.

### C. Plaintiff's Amended Complaint

On March 28, 2024 – *i.e.*, more than three months after the Clerk's Office issued summonses with respect to the original complaint – Plaintiff filed an unsigned, 412 paragraph, 58-page amended complaint, this time on behalf of herself and her deceased unborn child's estate and against nearly twenty (20) Defendants and enumerating forty-one (41) causes of action. (ECF No. 8, PageID.53-83 ¶¶ 178-412.) These added defendants include, *inter alia*, various state and federal government officials, such as President Trump, Chief Justice Roberts and four other members of the Supreme Court, The United States of America, and Michigan's Governor, Attorney General and Secretary of State.

To date, there is nothing filed on the docket to indicate that Plaintiff requested or received summonses from the Clerk of the Court as to the additionally named Defendants. <u>Ninety (90) days from the filing of the amended complaint was June 26, 2024</u>. Indeed, Plaintiff's March 28, 2024 amended complaint is the most recent filing in this case; thus, it has been *more than one year* since Plaintiff has filed anything in this case. None of the nearly 20 defendants have been served.

3

D.  **The Court's Order to Show Cause**

On March 25, 2025, at which point it had been well more than 90 days since Plaintiff had filed her November 27, 2023 complaint, the Court entered an order requiring Plaintiff "to **SHOW CAUSE IN WRITING ON OR BEFORE Wednesday, April 16, 2025**, as to why Plaintiff's claims against Defendants should not be dismissed for Plaintiff's failure to effect service in accordance with Fed. R. Civ. P. 4." (ECF No. 9, PageID.87.) The order expressly cautioned: "In the event that Plaintiff fails to establish good cause, the Court will issue a Report and Recommendation that Plaintiff's claims against Defendants be dismissed without prejudice." (*Id*., PageID.87-88.)

To date, Plaintiff has not filed a written response to the Court's show cause order, and Defendants have yet to appear.

E.  **Discussion**

On December 11, 2023, Plaintiff paid the $402.00 filing fee, and she was given *pro se* e-filing access. The docket indicates that a copy of the Court's March 25, 2025 show cause order (ECF No. 9) was served upon Plaintiff electronically at her email of record (kbrowergirl@gmail.com) at the time the order was entered. There is no indication on the docket that this attempt at service was returned as undeliverable.

4

Plaintiff having been ordered to show cause, having failed to show cause, and, further, apparently having failed to comply with Fed. R. Civ. P. 4(m) or otherwise prosecute beyond the filing of pleadings and some fee related correspondence in December 2023, the Court should dismiss Plaintiff's claims against Defendants without prejudice.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 22, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE